**In re Joseph Peter SASINOUSKI, Marilee Mae Sasinouski, dba Certified Energy Systems of Idaho, Debtors.**

Bankruptcy No. 85–00127.

United States Bankruptcy Court, D. Idaho.

Sept. 6, 1985.

Fred M. Adams, Idaho Falls, Idaho, for debtors.

Kent E. Whittington, Idaho Falls, Idaho, for Transamerica Financial Services.

### MEMORANDUM DECISION AND ORDER

ALFRED C. HAGAN, Bankruptcy Judge.

Transamerica Financial Services requests a determination of its secured status pursuant to a deed of trust, and lift of the stay on its collateral. It argues that the deed of trust covers a mobile home as well as 4.2 acres on which the debtors had placed that mobile home. The debtors argue that the deed of trust encumbers only the land.

The debtors purchased 4.2 acres in 1979, placed a mobile home on the acreage and made certain improvements. They dug a well and poured footings on which they placed the mobile home. They built an attached three car garage on a foundation, using siding which matched the mobile home. They poured a driveway, steps, patio and sidewalk, and built covered patios on both the front and back of the mobile home. They installed and attached all necessary utilities, and hired an electrician to install electrical service.

Transamerica contends that the home is a fixture which, under Article 9 of the Uniform Commercial Code, codified as Title 28, Chapter 9, Idaho Code, may be encumbered pursuant to real estate law. *See* I.C. § 28–9–313(3). The debtors contend that the enactment of I.C. § 63–307B in 1981 established the sole method of treating mobile homes as real property for financing purposes. That section requires in part that the owner or purchaser of the mobile

home records a non-revocable option to declare the mobile home as real property. The debtors recorded no such option.

■ I interpret I.C. § 63–307B as intended to benefit buyers of mobile homes, not burden their financers. That section provides a method for a mobile home purchaser to legally bind himself to treat his mobile home as real property. The legislative statement of purpose for this law, then House Bill 174, provided that

> The purpose of this amendment providing for a New Section is to enable the purchasers of new mobile homes the option of determining that their mobile home is real property. This will enable the purchaser of this type of housing to procure financing that is more attractive for the purchaser. The said home must be permanently affixed to a foundation on land owned or being purchased, and is a one-time, non-revocable option.

### FISCAL NOTE

None to governmental entities, but substantial favorable financial improvement in financing to purchasers of mobile homes as the result of longer term financing and the possibility of one loan for the home and the land.

In this case, the debtors received the benefit of longer term financing and one loan for both the home and the land. I do not believe that the legislature intended to penalize lenders who provided such financing without the benefit of the filing of a non-revocable option. Such a filing obviously is to protect a lender by forcing a borrower to commit himself, rather than to protect the mobile home purchaser from a lender who would otherwise provide long term financing.

■ The parties entered into a deed of trust which encumbered a parcel of land. That deed of trust would commonly be expected to encumber the land and the residence on that land. In approving the loan, Transamerica relied upon an appraisal which valued both the land and the mobile home. I conclude that if the parties had intended to exclude the mobile home, which was the debtors' residence, from the encumbrance of the deed of trust, it would have been explicitly excluded. Because it wasn't explicitly excluded, I conclude that the parties intended to include both the land and the mobile home within the encumbrance of the deed of trust. In view of the legislative purpose of encouraging this goal, I do not believe that I.C. § 63–307B bars a conclusion that the deed of·trust encumbers both the land and the mobile home.

I conclude that Transamerica's claim is secured by both the land and the mobile home on that land. The debtors stated in their confirmed plan that they would surrender the collateral which secures that claim to Transamerica. Transamerica may submit an order lifting the stay, and serve it on the debtors and the trustee. If the debtors fail to file a motion to modify their confirmed plan within 21 days after the filing of this decision, I will sign that order.

IT IS SO ORDERED.